IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
FILED: MAY 16, 2008
08CV2866   RCC
JUDGE ST.EVE
MAGISTRATE JUDGE COLE
```

| | |
|---|---|
| **Edward McClendon, a minor by his mother and guardian Juwan Wilson, and Collin McClendon,** | |
| Plaintiffs, | Case No. |
| vs. | COMPLAINT FOR VIOLATION OF CIVIL RIGHTS |
| CHICAGO HEIGHTS, and Chicago Heights Police Officer Kirby and other Unknown and Unnamed Officer, | |
| Individually, | JURY DEMANDED |
| Defendants, | |

Plaintiffs allege:

## JURISDICTION AND VENUE

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 [42 U.S.C. Section 1983]. This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.  At all times herein mentioned, Plaintiff, EDWARD MCCLENDON, was and is now a citizen of the United States, and a minor born on March 12, 1993, and his mother and legal guardian Juwan Wilson, is suing on his behalf.

4.  At all times herein mentioned, Plaintiff, Collin McClendon, was and is now a citizen of the United States, and was born on February 6 1990.

1

5. At all times herein mentioned defendant Chicago Heights Police Officer Kirby ("KIRBY") was employed by the Chicago Heights Police Department, and was acting under color of state law and as the employee, agent, or representative of the Chicago Heights Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the CITY OF CHICAGO HEIGHTS was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO HEIGHTS maintained, managed, and/or operated the Chicago Heights Police Department.

## FACTUAL ALLEGATIONS

7. On or about May 27, 2007, Plaintiffs Edward McClendon and Colin McClendon were lawfully in a public place, in the City of Chicago Heights, County of Cook, State of Illinois.

8. At that time and place defendant Kirby and another unknown officer seized plaintiffs.

9. Plaintiffs did not consent to being seized.

10. There was no outstanding arrest warrant for plaintiffs.

11. There was no legal cause to seize plaintiffs.

12. During the course of seizing plaintiffs defendant Kirby used force against Edward McClendon.

13. There was no legal cause for Kirby to use force against Edward McClendon.

14. By reason of the above-described acts and omissions of defendants, Plaintiffs sustained injuries, including but not limited to, physical injuries, humiliation and indignities, and suffered great mental and emotional pain and suffering all to thier damage in an amount to be ascertained.

2

15. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiffs' rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the above-described acts and omissions of defendants, Plaintiffs were required to retain an attorney to institute, prosecute and render legal assistance to them in the within action so that they might vindicate the loss and impairment of their rights. By reason thereof, Plaintiffs requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiffs Edward McClendon and Collin McClendon Against Defendant Kirby for UNREASONBLE SEIZURE

17. Plaintiffs hereby incorporate and reallege Paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. By reason of the Defendant's conduct Plaintiffs were deprived of rights, privileges and immunities secured to them by the Fourth and Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

19. The arbitrary intrusion by Defendant, into the security and privacy of Plaintiffs' persons was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendant violated the Plaintiff's rights in the following manner: the seizure of Plaintiffs was without any legal cause. The foregoing was unnecessary, unreasonable and excessive, and was therefore in violation of Plaintiffs' rights. Therefore, the Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### Plaintiff Edward McClendon Against Defendant Kirby for
### EXCESSIVE FORCE

20. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

21. During and immediately after plaintiff's seizure defendant used excessive force against plaintiff's person.

22. There was no legal cause for defendant to use force against plaintiff.

23. By reason of defendant's conduct, plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

24. The physical violence inflicted upon plaintiff by was unnecessary, unreasonable, and excessive, and was therefore in violation of plaintiff's Fourth Amendment Rights. Therefore, defendant is liable to plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

### Plaintiff Edward McClendon Against defendants Kirby, and the CITY OF CHICAGO HEIGHTS For The State Supplemental Claim Of
### BATTERY

25. Plaintiff hereby incorporates and re-alleges paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

26. Plaintiff did not consent to defendants making any contact with his person.

27. The offensive contact to plaintiff's person constituted a battery that caused him pain, physical injury, and emotional distress.

28. The CITY OF CHICAGO HEIGHTS is liable to plaintiff for the acts of Kirby pursuant to the doctrine of *respondeat superior.*

29. Therefore, defendants Kirby and the CITY OF CHICAGO HEIGHTS are liable under the state supplemental claim of Battery.

## COUNT IV

**Plaintiffs Edward McClendon and Collin McClendon against Defendants KIRBY and the CITY OF CHICAGO HEIGHTS For The State Supplemental Claim Of FALSE IMPRISONMENT**

30. Plaintiffs hereby incorporates and re-alleges paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

31. Kirby and the City of Chicago Heights committed the tort of False Imprisonment when Kirby, during the course of his duties as a police officer arrested Edward McClendon and Collin McClendon without any legal cause.

32. The City of Chicago Heights is liable to plaintiffs for the acts of Kirby pursuant to the doctrine of *respondeat superior.*

33. As a result of these acts and/or omissions plaintiffs were damaged, and the defendants Kirby, and the City of Chicago Heights are liable under the state supplemental claim of False Imprisonment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants other than the City of Chicago Heights be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

5

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

                                              BY: /s/ Garrett Browne
                                                           Garrett Browne

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                                              BY: /s/ Garrett Browne
                                                           Garrett Browne

ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
gbrowne@efox-law.com